UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEREK I. ALLMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00161-JPH-MG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING SERVICE**

Derek Allmon asserts claims for damages against the United States under the Federal Tort Claims Act (FTCA) based on injuries he suffered as a prisoner at the Federal Correctional Institution at Terre Haute. Because Mr. Allmon is a "prisoner," this Court has an obligation to screen the complaint before service on the United States.

**I. Screening Standard**

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Allmon states that he is blind and suffers from physical handicaps that require accommodations, including handicap accessible showers and toilets. Mr. Allmon states he has serious damage to his spine, knee, and hip, and a partially amputated foot.

Mr. Allmon alleges that he was quarantined for three weeks in June 2021 in a housing unit that was not handicap accessible. As a result, he could not shower for three weeks. He also fell trying to use the toilet because it was too low.

Mr. Allmon was housed in a non-accessible unit again in November 2021. He again fell attempting to use a non-accessible toilet.

These falls caused permanent injuries to Mr. Allmon's foot, neck, and back.

## III. Conclusion and Service

This action **will proceed** with an FTCA claim against the United States. This is the only claim the Court identified in the complaint. If Mr. Allmon believes he asserted additional claims, he will notify the Court **no later than October 7, 2022**.

To serve the defendant, the **clerk is directed** to issue a single summons to the United States Attorney for this District and the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the complaint (dkt. [1]), and a copy of this entry by registered or certified mail at the expense of the United States.

**SO ORDERED.**

Date: 9/13/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK I. ALLMON
12579-076
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

U.S. Marshal