UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEREK I. ALLMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00161-JPH-MG |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Derek Allmon filed this action on April 21, 2022, while in the custody of the Federal Bureau of Prisons. Dkt. 1. On September 17, 2025, counsel for the United States filed a suggestion of death of plaintiff, disclosing that Mr. Allmon had died on September 10, 2025. Dkt. 98. The suggestion of death included information on Mr. Allmon's next of kin, Derek Allmon, Jr. Dkt. 98. Mr. Allmon, Jr., was mailed a copy of the suggestion of death on September 17, 2025, dkt. 98, and was mailed copies of subsequent notices on November 17, 2025, dkt. 100, and January 5, 2026, dkt. 102, respectively. In the January 5 notice, the government stated that it "received the returned certified mail envelope, unopened, and stamped (12/21/25) 'Return to Sender Insufficient Address Unable to Forward.'" *Id.* at 1.

Under Fed. R. Civ. P. 25(a)(1), if a motion to substitute "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Service of a suggestion of death is not required, however, when the party filing the notice doesn't know who the

1

representative or successor is or cannot obtain a current address of a potential successor or representative despite reasonable efforts. *Atkins v. City of Chicago,* 547 F.3d 869, 873–74 (7th Cir. 2008); *see Knox v. Does Cliff*, No. 21-CV-222-JDP, 2023 WL 157406, at *1 (W.D. Wis. Jan. 11, 2023) (applying same exception when defendant's "reasonable efforts to serve the notice of death on [the plaintiff's] possible successors or representatives have failed").

Here, the Bureau of Prisons' records identified Mr. Allmon, Jr. as the "only next of kin." Dkt. 102 at 1. And the government attempted to serve him at "the only address the Bureau of Prisons has on file" for Mr. Allmon, Jr. *Id.*

Because Mr. Allmon, Jr. is identified only as "next of kin," it is unclear if he is a "nonpart[y] with a significant financial interest in the case, namely the decedent's successor[ ] (if his estate has been distributed) or personal representative ([if] it has not been)." *Atkins*, 547 F.3d at 873 (describing which nonparties must be served under Rule 25(a)(1)). It therefore has not been established that service on Mr. Allmon, Jr. is required under Rule 25(a). *See id.* Even if it is required, the government has made a reasonable effort at service, which was unsuccessful, and there are no other known next of kin or potential heirs, representatives, or successors. For those reasons, the 90-day period set out in Rule 25(a)(1) began when the suggestion of death was filed on September 17, 2025. *See Atkins*, 547 F.3d at 873 (explaining when the 90-day period "starts to run from the filing of the suggestion"); *Powell v. United States*, 800 Fed. App'x 687, 704–05 (11th Cir. 2020) (unpublished) (affirming dismissal because "by every indication Smyth had no representatives of his estate or

successors. . . . [T]o insist that Defendants serve a nonexistent, non-party makes no sense and would create an infinite loop whereby no valid Suggestion of Death is ever filed.").

Accordingly, because more than 90 days have passed and no motion for substitution has been filed, this action is dismissed without prejudice under Fed. R. Civ. P. 25(a). *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (noting that dismissals with prejudice follow an adjudication on the merits). Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/11/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK I. ALLMON
[No copy to be mailed. Copy available to Mr. Roberson's personal representative or next of kin upon request.]

All Electronically Registered Counsel